**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Elite Performance LLC, an Arizona limited liability company,<br><br>        Plaintiff,<br>v.<br><br>Echelon Property & Casualty Insurance Company, an Illinois corporation<br><br>        Defendant.<br>_____ | CV 20-00552-TUC-RM (LAB)<br><br>**REPORT AND RECOMMENDATION** |

Pending before the court is a motion to remand, filed by the plaintiff, Elite Performance (Elite), on December 23, 2020. (Doc. 4) The defendant, Echelon Property and Casualty Insurance (Echelon), filed a response on December 30, 2020. (Doc. 7) Elite filed a reply on December 31, 2020. (Doc. 10)

In April of 2019, a small fire damaged property owned by the plaintiff, Elite Performance. (Doc. 1-3, p. 3) Elite contracted with AC/DC corporation to fix the damage. *Id.* When AC/DC performed the work negligently, Elite filed suit against it (and its owner) in Maricopa County Superior Court. *Id.*, pp. 3-4 AC/DC was insured at the time by the defendant in this action, Echelon. *Id.* AC/DC tendered the state court suit to Echelon, but Echelon refused coverage. *Id.*, p. 4 Elite and AC/DC subsequently stipulated to a judgment in favor of Elite in the amount of $475,000. *Id.*, pp. 5-6 In addition, AC/DC assigned to Elite the bad faith and contract claims it had against Echelon pursuant to *Damron v. Sledge*, 105 Ariz. 11, 460 P.2d 997 (1969). *Id.*

Elite subsequently filed a bad faith and contract action again Echelon in Pima County Superior Court. (Doc. 1-3, pp. 2-10)  On December 23, 2020, Echelon removed that action to this court alleging diversity jurisdiction. (Doc.1)  On the same day, Elite filed the pending motion to remand. (Doc. 4)  Elite argues that this court lacks diversity jurisdiction because there is no diversity of citizenship. *Id.*  Elite maintains that both it and Echelon are citizens of Arizona because this is a "direct action" pursuant to 28 U.S.C. § 1332(c)(1), and under that provision, Echelon takes on the citizenship of its insured, AC/DC. (Doc. 4, p. 5)

This case was referred to the Magistrate Judge for a report and recommendation pursuant to LRCiv 72.1. (Doc. 13)  The Magistrate Judge recommends that the District Court, after its independent review, deny the motion to remand.  A *Damron* action for breach of contract and bad faith is not a "direct action" for the purposes of 28 U.S.C. § 1332(c)(1).  The insurer therefore does not assume the citizenship of its insured.

Discussion

A civil action filed in state court may be removed if that action could have been filed in federal court originally. 28 U.S.C. § 1441.  Removal proceeds pursuant to statute, which is strictly construed.  *Gaus v. Miles, Inc.*,  980 F.2d 564, 566 (9th Cir. 1992).  "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper."  *Id*. (punctuation modified)

"When an action is removed based on diversity, complete diversity must exist at removal."  *Gould v. Mutual Life Ins. Co. of New York*,  790 F.2d 769, 773 (9th Cir. 1986); *cert. denied*, 479 U.S. 987 (1986).  "Diversity is generally determined from the face of the complaint." *Id.*  If the complaint fails to establish diversity, the notice of removal must supply the missing allegations.  *Schroeder v. Trans World Airlines, Inc*., 702 F.2d 189, 191 (9th Cir.1983), *overruled on other grounds by Beneficial Nat. Bank v. Anderson*, 539 U.S. 1, 9-11, 123 S.Ct. 2058 (2003).  "Absent unusual circumstances, a party seeking to invoke diversity

jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

In its notice of removal, Echelon asserts that this court has diversity subject matter jurisdiction pursuant to 28 U.S.C. s 1332.  It maintains that it "is an insurance company, incorporated in the state of Illinois with its principal place of business and citizenship in the state of Illinois." (Doc. 1, p. 1) It asserts that the plaintiff, Elite, "is an Arizona limited liability company having its principal place of business in Pima County, Arizona" and therefore there is diversity of citizenship between the parties. (Doc. 1, p. 2)

The diversity jurisdiction statute reads in pertinent part as follows:

(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between–

(1) citizens of different States;

   *  *  *

(c) For the purposes of this section and section 1441 of this title–

(1) a corporation shall be deemed to be a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business, *except that in any direct action against the insurer of a policy or contract of liability insurance . . . to which action the insured is not joined as a party-defendant*, *such insurer shall be deemed a citizen of*–

(A) *every State . . . of which the insured is a citizen;*

(B) every State . . . by which the insurer has been incorporated; and

(C) the State . . . where the insurer has its principal place of business . . . .

28 U.S.C. § 1332 (emphasis added)  Elite argues in the pending motion to remand that the "direct action" provision applies to the pending action and diversity of citizenship is not present.  Echelon argues the opposite.  It is instructive to briefly review the history behind this statutory provision.

The "direct action" provision "was enacted in response to an increase in the caseload of federal district courts in Louisiana resulting from that state's adoption of a 'direct action'

- 3 -

1 statute." *Searles v. Cincinnati Ins. Co.*, 998 F.2d 728, 729 (9th Cir. 1993). "The statute allowed
2 an injured party to sue a tortfeasor's insurer directly without joining the tortfeasor as a
3 defendant, which created diversity jurisdiction in a large number of cases." *Id.* The "direct
4 action" provision in § 1332(c)(1) was designed to undue the effects of this legislation by
5 denying diversity jurisdiction where total diversity would not have existed if the tortfeasor had
6 been joined in the first place. *Id.* In other words, "§ 1332(c)(1) applies to those cases in which
7 a party suffering injuries or damage for which another is legally responsible is entitled to bring
8 suit against the other's liability insurer without joining the insured or first obtaining a judgment
9 against him." *Id.* Ordinary, run-of-the-mill actions against an insurance company are not
10 "direct actions." *Id.* For example, "first party" actions, where an insured files suit against its
11 own insurance company for bad faith or breach of contract, are not "direct actions." *Id.* at 728-
12 729. "[U]nless the action urged against the insurance company is of such a nature that the
13 liability could be imposed against the insured, the action is not a direct action." *Id.* at 729.

14 The pending action is not a "direct action." If it were, Elite would be claiming, and
15 trying to prove, that AC/DC acted negligently and, as a consequence, Echelon is on the hook
16 for damages. In fact, AC/DC's negligence has already been established in a prior action.
17 Instead, Elite is claiming in this case that Echelon acted in bad faith and breached its contract
18 with its insured, AC/DC. The "action urged against the insurance company," Echelon, is not
19 an action that "could be imposed against the insured." *Searles v. Cincinnati Ins. Co.*, 998 F.2d
20 728, 729 (9th Cir. 1993). It is, in fact, an action that could have been *brought* by the insured.
21 And it might have been except that AC/DC assigned its right to bring this action to Elite.
22 Accordingly, this is not a "direct action." *Id.*

23 In its reply brief, Elite notes that there are many cases in the Ninth Circuit that discuss
24 the "direct action" issue as it relates to "first party" actions. (Doc. 10) Those are actions by an
25 insured against its own insurance company, and Ninth Circuit case law teaches that "first party"
26 actions are not "direct actions." *Id.* Elite then argues that this is not a "first party" action

- 4 -

because Elite is not suing its own insurance company. *Id.* And because this is not a "first party" action, the case law does not compel a finding that this is not a "direct action." *See Id.*

The court is of the opinion that this action is very much like an ordinary "first party" action. The defendant insurance company, Echelon, is being sued for breach of contract and bad faith as is typical in an ordinary "first party" action. The only difference here is that the plaintiff is not the insured; it is the insured's assignee. Otherwise, this is a run-of-the-mill "first party" action. The court, however, need not decide whether this is a "first party" action or not. "First party" actions are not "direct actions," true, but "first party" actions are not the *only* actions that are not "direct actions." Any action against an insurance company where liability could not be imposed against the insured is not a "direct action." *See Searles v. Cincinnati Ins. Co.*, 998 F.2d 728, 729 (9th Cir. 1993). And that is the situation here.

The "direct action" provision of § 1332(c)(1) does not apply to the pending action. Echelon is a citizen of Illinois, not a citizen of Arizona. Elite is a citizen of Arizona. The parties are of diverse citizenship. The matter in controversy exceeds the sum of $75,000. This court has jurisdiction pursuant to 28 U.S.C. § 1332. The pending motion to remand should be denied. *See, e.g., Tilden-Coil Constructors, Inc. v. Landmark Am. Ins. Co.*, 2009 WL 4730853, at *3 (W.D. Wash. 2009) (Where tort victim originally brought an action in Washington state court against tortfeasor's insurance company for a declaratory judgment that the insurance company must cover any judgment that might issue in the future against the tortfeasor, subsequent motion to remand was denied because the action was "not a 'direct action' within the meaning of 28 U.S.C. § 1332(c)(1).").

Recommendation

The Magistrate Judge recommends the District Court, after its independent review of the record, enter an order DENYING the pending motion to remand filed by the plaintiff on December 23, 2020. (Doc. 4)

- 5 -

Pursuant to 28 U.S.C. §636 (b), any party may serve and file written objections within 14 days of being served with a copy of this report and recommendation. If objections are not timely filed, the party's right to de novo review may be waived. The Local Rules permit the filing of a response to an objection. They do not permit the filing of a reply to a response without the permission of the District Court.

DATED this 7th day of January, 2021.

*Leslie A. Bowman*
Leslie A. Bowman
United States Magistrate Judge