**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

Elite Performance LLC,

           Plaintiff,

v.

Echelon Property & Casualty Insurance Company,

           Defendant.

No. CV-20-00552-TUC-RM (LAB)

**ORDER**

Pending before the Court is Plaintiff Elite Performance LLC's Motion to Remand (Doc. 4), and Magistrate Judge Leslie A. Bowman's Report and Recommendation ("R&R") (Doc. 14), recommending that the Motion to Remand be denied.  Plaintiff filed an Objection to the R&R (Doc. 15), to which Defendant Echelon Property & Casualty Insurance Company responded (Doc. 18).  For the following reasons, the R&R will be accepted and adopted in full and the Motion to Remand will be denied.

**I.      Background**

Plaintiff brought this action in Pima County Superior Court on December 4, 2020. (Doc. 1.)  Plaintiff alleges that, in a prior lawsuit, it obtained a stipulated judgment of $475,000.00 against Defendant's insureds—AC/DC Electric, Inc. ("AC/DC"), its owner Daniel Fazio, and his wife Monica Fazio (collectively, the "Insureds")—based on AC/DC's negligent work at a property owned by Plaintiff.  (Doc. 1-3 at 3-6.)[1]  Defendant denied coverage in the prior suit, and the Insureds assigned to Plaintiff their claims

---

[1] All record citations herein refer to the page numbers generated by the Court's electronic filing system.

against Defendant, pursuant to *Damron v. Sledge*, 460 P.2d 997 (Ariz. 1969).  (*Id.* at 4-5, 8.)  In the present action, Plaintiff alleges claims for breach of contract and insurance bad faith, seeking to recover reimbursement of attorneys' fees and costs from the underlying suit against the Insureds, as well as the outstanding balance due on the $475,000.00 judgment from that suit.  (*Id.* at 7-9)

Defendant removed the action to this Court based on diversity jurisdiction.  (Doc. 1.)  In its Notice of Removal, Defendant avers that Plaintiff is an Arizona limited liability company with its principal place of business in Arizona; Defendant is an Illinois corporation with its principal place of business in Illinois; and over $75,000 is in controversy.  (*Id.* at 1-2.)  Plaintiff filed a Motion to Remand, arguing that the Arizona citizenship of the Insureds is imputed to Defendant under 28 U.S.C. § 1332(c)(1), and thus that complete diversity of citizenship does not exist between the parties.  (Doc. 4.)

## II.    Standard of Review

A district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations" made by a magistrate judge.  28 U.S.C. § 636(b)(1).  The district judge must "make a de novo determination of those portions" of the magistrate judge's "report or specified proposed findings or recommendations to which objection is made."  *Id.*

## III.    Discussion

District courts have diversity jurisdiction of civil actions between citizens of different states in which the matter in controversy exceeds $75,000.  28 U.S.C. § 1332(a).  A corporation is deemed a citizen of the state in which it has been incorporated and the state in which it has its principal place of business, "except that in any direct action against the insurer of a policy or contract of liability insurance . . . to which action the insured is not joined as a party-defendant," the insurer is also deemed a citizen of the state "of which the insured is a citizen."  28 U.S.C. § 1332(c)(1)(A).

The R&R finds that the "direct action" provision of § 1332(c)(1) is inapplicable here because this lawsuit is not a direct action.  (Doc. 14. at 3-5.)  In reaching this

conclusion, the R&R analyzes case law interpreting § 1332(c)(1), as well as the legislative history of the statute.  (*Id.*)

In its Objection to the R&R, Plaintiff argues that this case is a direct action based on a dictionary definition of that term and because Plaintiff is bringing suit against Defendant without joining the Insureds.  (Doc. 15 at 3-4, 6.)  Plaintiff further argues that it is inappropriate to "[r]esort[] to legislative history" in interpreting § 1332(c)(1) because the statute uses the word "any" and thus should be interpreted expansively.  (Doc. 15 at 1-5.)  Plaintiff concedes that Arizona does not have a direct action statute, but it argues that if Congress intended § 1332(c)(1) to be limited to cases brought under a direct action statute, it would have drafted the statutory language to refer not to "direct actions" but instead to actions "brought under a direct action statute."  (*Id.* at 5 (internal quotation marks omitted).)  Plaintiff also argues that the insurance policy at issue allows for a direct action because it permits an entity to sue Defendant to recover on a final judgment against an insured of Defendant.  (*Id.* at 5-6.)  In response to Plaintiff's Objection, Defendant argues that the language of 28 U.S.C. § 1332(c)(1) and the insurance policy at issue, as well as all cases interpreting § 1332(c)(1) and the statute's legislative history, make clear that this case is not a direct action.  (Doc. 18.)

Because "the meaning of 'direct action'" in 28 U.S.C. § 1332(c)(1) "is not clear from the statutory language," the statute's "legislative history must be consulted." *Searles v. Cincinnati Ins. Co.*, 998 F.2d 728, 730 (9th Cir. 1993).  The legislative history reveals that § 1332(c)(1) was enacted to eliminate diversity jurisdiction in cases in which the tortfeasor and the injured party are both residents of the same state but a state's "'direct action' statute" allows the case to "be brought directly against a foreign insurance carrier without joining the local tort-feasor as a defendant." *Northbrook Nat'l Ins. Co. v. Brewer*, 493 U.S. 6, 9-10 (1989) (emphasis and internal quotation marks omitted).  In light of § 1332(c)(1)'s legislative history, "[c]ourts have uniformly defined the term 'direct action' as used in this section as those cases in which a party suffering injuries or damage for which another is legally responsible is entitled to bring suit against

the other's liability insurer without joining the insured or first obtaining a judgment against him." *Beckham v. Safeco Ins. Co. of Am.*, 691 F.2d 898, 901-02 (9th Cir. 1982). An insurance bad faith action is not a "direct action" under § 1332(c)(1) because it does not seek to impose liability on an insurer for the negligence of an insured but, instead, seeks to impose liability on the insurer "for its own tortious conduct." *Id.* at 902; *see also Searles*, 998 F.2d at 728, 730.

It is undisputed that Arizona does not have a direct action statute. (*See* Doc. 15 at 5.)  Plaintiff could not have brought this action without first obtaining a judgment against the Insureds and being assigned their claims against Defendant.  The fact that the insurance policy at issue allows an entity to sue Defendant to recover on a final judgment against an insured of Defendant (*see* Doc. 15 at 5-6) does not mean that the policy allows for a "direct action," because a case is not a direct action if a plaintiff must first obtain a judgment against a tortfeasor in order to bring suit against the tortfeasor's liability insurer.  *Beckham*, 691 F.2d at 901-02.  Plaintiff's arguments are contrary to binding precedent and fail to cast any doubt on the reasoning and analysis of the R&R.  Because this is not a direct action, § 1332(c)(1)(A) is inapplicable.

For purposes of diversity jurisdiction, Defendant is a citizen of Illinois, where it is incorporated and has its principal place of business, and Plaintiff is a citizen of Arizona. (Doc. 1.)  There is complete diversity of citizenship between the parties, and over $75,000 is in controversy.  Accordingly, this Court has diversity jurisdiction under 28 U.S.C. § 1332, and Plaintiff's Motion to Remand will be denied.

**IT IS ORDERED** that the Report and Recommendation (Doc. 14) is **accepted and adopted in full**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Remand (Doc. 4) is **denied**.

. . . .

. . . .

. . . .

- 4 -

1    **IT IS FURTHER ORDERED** that this case remains referred to Magistrate Judge

2    Leslie A. Bowman for pretrial proceedings and report and recommendation, in

3    accordance with the provisions of 28 U.S.C. § 636(b)(1) and LRCiv 72.1 and 72.2.

4    Dated this 25th day of February, 2021.

5

6

7

8    _____
     Honorable Rosemary Márquez
9    United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28