**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Elite Performance LLC, an Arizona limited liability company,<br><br>　　　　Plaintiff,<br>v.<br><br>Echelon Property & Casualty Insurance Company, an Illinois corporation<br><br>　　　　Defendant. | CV 20-00552-TUC-RM (LAB)<br><br>**ORDER** |

　　Pending before the court is a motion for an extension of the dispositive motion deadline, filed by the defendant, Echelon Property and Casualty Insurance (Echelon), on February 17, 2022. (Doc. 48) The plaintiff, Elite Performance (Elite), filed a response on February 22, 2022. (Doc. 49)  Echelon filed a reply on February 23, 2022. (Doc. 50)

　　In April of 2019, a small fire damaged property owned by the plaintiff, Elite Performance. (Doc. 1-3, p. 3) Elite contracted with AC/DC corporation to fix the damage. *Id.* When AC/DC performed the work negligently, Elite filed suit against it (and its owner) in Maricopa County Superior Court. *Id.*, pp. 3-4  AC/DC was insured at the time by the defendant in this action, Echelon. *Id.*  AC/DC tendered the state court suit to Echelon, but Echelon refused coverage. *Id.*, p. 4  Elite and AC/DC subsequently stipulated to a judgment in favor of Elite in the amount of $475,000. *Id.*, pp. 5-6  In addition, AC/DC assigned to Elite the bad faith and contract claims it had against Echelon pursuant to *Damron v. Sledge*, 105 Ariz. 11, 460 P.2d 997 (1969). *Id.*

Elite subsequently filed a bad faith and contract action again Echelon in Pima County Superior Court. (Doc. 1-3, pp. 2-10) On December 23, 2020, Echelon removed that action to this court alleging diversity jurisdiction. (Doc.1) In the pending motion, Echelon moves for an extension of the dispositive motion deadline currently set for February 28, 2022. (Doc. 48) It argues that an extension is warranted because it filed a motion to compel discovery, which has yet to be resolved by the court. *Id.* Echelon would like to have access to that discovery, assuming that its motion is granted, before it prepares its dispositive motion. (Doc. 48)

Discussion

The dispositive motion deadline was set in the court' s scheduling order issued on May 3, 2021. (Doc. 26) Fed.R.Civ.P. 16(b)(4) states that "[a] schedule may be modified only for good cause and with the judge's consent." Fed.R.Civ.P. 16(b)(4). "Good cause" means that the "scheduling deadlines cannot be met despite the party's diligence." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir.1992). "The focus of the inquiry is upon the moving party's reasons for seeking modification." *Id*. "If that party was not diligent, the inquiry should end." *Id*.

Elite argues persuasively that Echelon cannot show good cause for modifying the scheduling order because it cannot show that it has been diligent. (Doc. 49) Echelon seeks an extension of the dispositive motion deadline because its motion to compel discovery has not yet been resolved by the court. In that motion, Echelon seeks an order compelling Elite to disclose the name of its insurance company, disclose the name of its insurance agent, and produce all documents related to the claim that Elite made to its own property insurer. (Doc. 41)

Apparently, this information "was requested of Plaintiff in his deposition, which was taken on 10/20/21. . . ." (Doc. 50, p. 2) The plaintiff refused to provide the information. *Id.* A discovery request was served on the plaintiff on December 1, 2021. *Id.* The plaintiff predictably objected. *Id.* Finally, the motion to compel was filed on January 28, 2022, the last day for discovery, approximately three months after Echelon was first put on notice that a motion to compel would be necessary. On this record, it would be difficult to say that Echelon

- 2 -

has been diligent. Moreover, Echelon has not shown that it is necessary to have this discovery before preparing its dispositive motion.

Echelon states that it seeks this discovery because it is possible that Elite's insurer conducted an investigation of the accident and could have "photos of the property and/or the fire damage, estimates prepared by contractors and/or insurance adjusters, positions taken by the insurance carrier regarding the damage done and the proper scope of work, documents regarding any settlement or payment of the claim, communications to or by Elite and/or any information regarding whether there was an assignment of any rights or claims related to the underlying incident." (Doc. 41, p. 4)  Echelon concludes that "for purposes of discovery, the documents and information sought by Echelon are plainly relevant to this case . . . ."  The court agrees that this information could be relevant on the issue of damages, but it is not clear how this information would be relevant on a dispositive motion.  It does not appear to have anything to do with the contract between Echelon and its insured, AC/DC, or the manner with which Echelon dealt its insured.  Echelon states simply that "the discovery of additional information can certainly affect Echelon's ability to identify all potential issues and to adequately prepare and fully brief a dispositive motion." (Doc. 50, p. 3)  This argument lacks the specificity necessary to constitute "good cause," which is required to modify the scheduling order deadlines.  Nevertheless, in the event the court's delay in resolving the pending motions has resulted in prejudice for the parties,

IT IS ORDERED that the motion for an extension of the dispositive motion deadline, filed by the defendant, Echelon Property and Casualty Insurance (Echelon), on February 17, 2022, is GRANTED in PART.  (Doc. 48)  The dispositive motion deadline is extended to Monday, March 14, 2022.

DATED this 24th day of February, 2022.

Leslie A. Bowman
United States Magistrate Judge